STATE OF NEBRASKA, APPELLEE, V. RICHARD DODD, APPELLANT.

122 N. W. 2d 518

Filed July 5, 1963. No. 35418.

James E. Abboud, Jr., and Leon J. Garcia, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

CARTER, J.

The defendant was convicted in the district court for Douglas County of the offense of obtaining money under false pretenses and representations from John H. McLaughlin in an amount in excess of $35 with intent to cheat and defraud, contrary to the provisions of section 28-1207, R. R. S. 1943. Defendant seeks a review of his conviction in this court.

The defendant was engaged in the business of repairing automobiles. The evidence shows that on or about February 14, 1961, defendant undertook to repair a truck belonging to McLaughlin. He demanded and obtained $275 from McLaughlin. He took the truck into his possession for the purpose of repairing it. Two or three days later McLaughlin found the defendant's place of busi-

ness locked. The truck was inside the place of business, torn down and not repaired. The defendant could not be found. He left no forwarding address. He gave no notice of the closing of the repair shop. He did not contact McLaughlin, nor return the $275. There is evidence in the record by other witnesses who were similarly treated. The defendant was extradited from the State of Ohio and tried for the offense hereinbefore stated. No contention is made that the evidence was insufficient to sustain a conviction.

Defendant contends that he was improperly convicted in that he was not tried for the offense for which he was extradited. While there is some question as to whether or not this matter was properly raised by the record, the applicable rules are clear that his contention is not meritorious.

The Uniform Criminal Extradition Act, adopted in Nebraska, provides: "After a person has been brought back to this state upon extradition proceedings, he may be tried in this state for other crimes which he may be charged with having committed here, as well as that specified in the requisition for his extradition." § 29-726, R. R. S. 1943. The foregoing statute has long been the rule in this state. State ex rel. Petry v. Leidigh, 47 Neb. 126, 66 N. W. 308; Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932. See, also, Lascelles v. State of Georgia, 148 U. S. 537, 13 S. Ct. 687, 37 L. Ed. 549; Pettibone v. Nichols, 203 U. S. 192, 27 S. Ct. 111, 51 L. Ed. 148.

Defendant assigns as error the admission of evidence of other offenses of the same nature occurring at approximately the same time. The admission of the evidence was limited by the trial court to the question of the intent of the accused in committing the acts charged. The evidence was properly admitted under our holding in State v. Easter, 174 Neb. 412, 118 N. W. 2d 515, wherein this court said: "Evidence of other crimes, similar to that charged, is relevant and admissible when it tends

to prove a particular criminal intent which is necessary to constitute the crime charged."

Defendant assigns as error the giving of instruction No. 9. The instruction stated: "You are instructed that evidence that the defendant may have been a party to another similar transaction or transactions, was admitted for the sole and only purpose of tending to prove that the defendant had a motive and the intent to commit the alleged crime for which he is here tried, and such evidence shall be considered by the jury for that purpose only." This instruction is consistent with the holdings of this court for advising the jury when evidence is admitted for a limited purpose. .The instruction was in all respects a proper one.

The judgment of the district court is correct and the judgment is affirmed.

AFFIRMED.