407 P.2d 756

**STATE of Arizona, Appellee,**

v.

**James Otis PEEL, Appellant.**

No. 1532.

Supreme Court of Arizona.

En Banc.

Nov. 12, 1965.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.

Chris T. Johnson, Phoenix, for appellant

McFARLAND, Justice.

This is an appeal from a conviction and sentence for the crime of burglary in the first degree, in violation of A.R.S. § 13-301 and § 13-302. Appellant, hereinafter referred to as defendant, was sentenced to a term of not less than ten nor more than twelve years in the Arizona state prison.

Defendant, along with his brother, was charged with the crime of burglary in an information filed by the Maricopa County Attorney in April 1964. The information did not specify as to which degree of burglary defendant was being accused, but, rather, stated that the named defendants entered a designated dwelling house with the intent to and did commit theft, "all in violation of Sections 13-301 and 13-302, A.R.S.1956." Defendant and his brother were duly brought to trial June 8, 1964. Just prior to the start of the trial, defendant, after conferring with counsel, entered a plea of guilty. There is no transcript as to what transpired at the time the plea was entered. The minute entry shows that defendant did not enter his plea until after he had conferred with counsel and further that "the court having ascertained from the Defendant himself that this is his desire, leave is granted to the Defendant to withdraw his former plea of Not Guilty and leave is granted to the Defendant James Otis Peel to enter a plea of Guilty." (From

Minute Entry of June 8, 1964.) Defendant was thereafter placed on bond. Later, and prior to the time of his sentencing, defendant fled the jurisdiction. Thereafter, defendant was returned from Florida, after waiving extradition, brought before Judge Chatwin, and sentenced to a term in prison.

Defendant at the time of his sentencing asked that he be allowed to withdraw his previous plea of guilty on the grounds that he had been informed by the circuit judge in Florida that if he waived extradition, defendant would only be put on trial for second-degree burglary. The only evidence in the record pertaining to the Florida proceedings is a single statement taken at the time of sentencing, wherein defendant stated he waived extradition before the Florida circuit judge to an extradition order which said second-degree burglary. Defendant stated, "That was my charge I was waiving for." The court refused defendant's request to withdraw his plea, and sentenced him based upon his earlier plea to an unspecified degree, and the fact that defendant's brother was convicted of first-degree burglary under the same information. Thereupon, defendant appealed to this court.

One of defendant's questions for review was in relationship to his waiving extradition from Florida. Defendant contends he waived extradition for the crime of second-degree burglary, and not for first-degree burglary, and for this reason the trial court was estopped from sentencing him. The law is well settled that a defendant, having voluntarily waived his extradition, cannot now be heard to complain that his rights are being violated by being tried for a greater charge than that for which he waived when he signed the waiver of extradition order.[1] Therefore, this question is without merit.

Another question raised by defendant was that the trial court erred when it refused defendant permission to withdraw his plea of guilty at the time of sentencing, particularly in view of the fact that defendant had waived his extradition for the charge of second-degree burglary. The latter reason being without merit, the only issue remaining was—Did the trial court abuse its discretion when it did not allow defendant to withdraw his guilty plea? This court has repeatedly held that it will not overturn the ruling of the lower court in the absence of clear abuse, wherein

1. For a case on point, see Stebens v. Hand, 182 Kan. 304, 320 P.2d 790. See also Ker v. People of State of Ill., 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421; Mahon v. Justice, 127 U.S. 700, 8 S.Ct. 1204, 32 L.Ed. 283; Lascelles v. State of Ga., 148 U.S. 537, 13 S.Ct. 687, 37 L.Ed. 549; Pettibone v. Nichols, 203 U.S. 192, 27 S.Ct. 111, 51 L.Ed. 148; State ex rel. Brito v. Warrick, 176 Neb. 211, 125 N.W.2d 545; State v. Dodd, 175 Neb. 533, 122 N.W.2d 518.

a request for withdrawal of a guilty plea is denied. State v. Valenzuela, 98 Ariz. 189, 403 P.2d 286; State v. Anderson, 96 Ariz. 123, 392 P.2d 784; State v. Wilson, 95 Ariz. 372, 390 P.2d 903. The record before us does not disclose any clear abuse of the trial court's discretion.

The main question presented by defendant in his appeal was that the court erred in sentencing him for first-degree burglary. The court, at the time of sentencing and after denying defendant's motion to withdraw his plea, stated its reasons for sentencing defendant to first-degree burglary:

"THE COURT: Let the record further show that the information filed in this case to which the Defendant entered a plea of guilty is an information for burglary, undesignated. That the plea to this information was made by the Defendant in open Court and the plea was guilty. That subsequent thereto a trial was held in this cause for a Co-defendant and brother of the Defendant James Otis Peel, whose brother was Robert Thomas Peel. The facts in the case and the evidence in the case indicated that the burglary was in the nighttime and that the verdict as found by the Court to be a verdict for guilty in the first degree as to the Defendant, Robert Thomas Peel. That the plea of this Defend-

ant, James Otis Peel, to the same information causes the Court to make a finding that the charge of burglary undesignated is burglary first degree. And, that this is the time fixed for imposition of sentence."

The crux of defendant's argument was stated by his counsel in objecting to the court's reasons for the imposition of the first-degree burglary sentence:

"* * * for the Court to take notice of the proceedings as against James Otis Peel's Co-defendant and brother, Robert Thomas Peel, would amount to an improper judicial notice of fact outside this record. This record being the record of James Otis Peel and not of Robert Thomas Peel. The crime remains burglary unspecified, a plea to which, unfortunately, was made to that charge. * * *"

Defendant contends the court erred when it in effect took judicial notice of a different trial, and thereby found defendant guilty of the crime of burglary in the first degree rather than the lesser crime of burglary in the second degree.

Under the Arizona Rules of Criminal Procedure, it was permissible for the county attorney to file an information against defendant which was unspecified as to the degree of the crime charged.[2] It was

---

2. Rule 142. Offenses divided into degrees In an indictment or information for an offense which is divided into degrees it is sufficient to charge that the defendant

also proper for the court to accept defendant's plea of guilty to that information.[3] The question therefore becomes one of determining whether or not the trial court followed the proper procedure in determining the degree of burglary under which defendant was to be sentenced.[4]

■■ It will be noted that, under Rule 186, 17 A.R.S., it is provided that the court, in fixing the degree, shall examine the defendant and witnesses—if necessary—to determine the degree of the offense. So, it is recognized that in some instances it would not be necessary to examine defendant or witnesses. This of course could be done by questioning of defendant or by agreement of defendant and his counsel at the time of his plea or at the time of the sentence. There is, under states having similar statutes, a conflict in authority as to whether the court may rely on testimony previously taken in a prosecution of a co-defendant at a separate trial for the same

offense.[5] We feel that the proper rule to follow is that determination must be made from the record made in the case in the presence of defendant. In the case of People v. Verdier, 96 Cal.App.2d 29, 214 P. 2d 433, the lower court made the determination of the degree of the crime from evidence introduced at the trial of an accomplice. The court, in holding this was not sufficient, said:

> "Under Penal Code section 1192 after a plea of guilty of a crime divided into degrees 'the court must, before passing sentence, determine the degree.' While a hearing to determine the degree of an offense held under this section is not a trial in its full technical sense and the court may consider matters not admissible on the issue of guilt or innocence, People v. Williams, 14 Cal.2d 532, 95 P.2d 456; In re Steve, 73 Cal.App.2d 697, 167 P.2d 243, the burden of the decisions is that the

committed the offense without specifying the degree.

3. Rule 185. Plea of guilty of offense divided into degrees
   When an indictment or information charges an offense which is divided into degrees, without specifying the degree, and the defendant pleads guilty without specifying the degree, the court shall determine the degree as provided in Rule 186.

4. Rule 186. Plea of guilty of offense divided into degrees; determination of degree
   If the defendant pleads guilty as provided in Rule 185, the court shall, before

accepting the plea, examine defendant and witnesses, if necessary, to determine the degree of the offense of which the defendant is guilty and render judgment and sentence accordingly.

5. See Annotation 34 A.L.R.2d 919.
   Also 21 Am.Jur.2d § 496.
   Also State ex rel. Christopher v. Amrine, Ohio App., 75 N.E.2d 227, wherein defendant had entered a plea of guilty before he was brought to trial, and had testified incriminatingly in the trial of his co-defendant. It was the same court which accepted the defendant's plea and tried the co-defendant.

court should take evidence in the presence of the defendant to determine the degree of the crime, [cases cited].

\* \* \* \* \* \*

"It is clear that testimony taken in that separate proceeding, to which appellant was not a party and in which he had no right or opportunity of cross-examination or of offering evidence in his own behalf, was not evidence in his own case for the purpose of determining, after his plea of guilty, the degree of *his* offense." 214 P.2d at 434 and 435.

As is stated in Verdier, supra, a hearing is not a trial in its full technical sense, and the determination is made by the court, but even where the same court tries the other case—as in the instant case—it may frequently happen that the defense does not put in issue the degree of the crime. In the instant case, in the separate trial of defendant's brother—Robert Thomas Peel—the defense was based upon the contention that defendant was not properly identified except by an accomplice who had turned state's evidence, whose testimony, he contended, was not corroborated. Robert Peel did not take the stand in his own behalf, nor was the question of degree put in issue. Defense in the trial of an accomplice might well be that of an alibi in which the degree would not be put in issue.

In the instant case the court, after reciting the conviction of defendant's brother, Robert, stated that the "plea of this Defendant, James Otis Peel, to the same information causes the Court to make a finding that the charge of burglary undesignated is burglary first degree." We hold this is not in compliance with Rules 185 and 186. In re-sentencing a defendant under such circumstances the court should take into consideration the time that he has already served pending appeal.

The conviction of defendant is affirmed, and the order fixing the degree of the crime is reversed with directions to the court below to determine the degree of the crime under Criminal Rules of Procedure, Nos. 185 and 186, and thereafter to pronounce judgment and sentence on defendant accordingly.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and BERNSTEIN and UDALL, JJ., concurring.