430 P.2d 419

**STATE of Arizona, Appellee,**

v.

**Ramona Tapia MORENO, Appellant.**

**No. 1669.**

Supreme Court of Arizona.

In Banc.

July 19, 1967.

Rehearing Denied Sept. 19, 1967.

Darrell · F. Smith, Atty. Gen., John V. Riggs, Asst. Atty. Gen., for appellee.

Anne Kappes, Phoenix, for appellant.

McFARLAND, Vice Chief Justice:

Appellant Ramona Tapia Moreno, hereinafter. referred to as defendant, entered a plea of guilty to the crime of murder, and was sentenced to serve the rest of her natural life in the Arizona State Prison. This is an appeal from the order of Maricopa. County Superior Court denying her motion to, vacate and set aside as void the judgment and sentence, and the denial of her motion to withdraw her plea of guilty of "murder as charged."

. Defendant was informed against for the murder of one Grady Holly. At approximately 10:20 p. m., on the 16th day of September 1963, defendant entered a Circle K market on Buckeye Road. She approached the deceased, Grady Holly, who was talking to the cashier, pulled a knife from her blouse and stabbed him. She then stated "I got the pleasure of doing what I wanted to do." She had seen Holly one or two times, but was not really acquainted with him. The manager, Roscoe Patterson, witnessed the stabbing, then asked her to leave. He stated that she did a "war dance," and left the building. He then called the police. She had previously visited a bar in which her "common-law husband," Harry Cleveland, was sitting at a table with another woman, and defendant had attacked both with a knife. She then left the bar, and went to the Circle K market. The psychiatrists' reports show that she had a record of being an alcoholic, and that she told the psychiatrists she had taken a couple of beers on the night of the murder.

The court appointed counsel to represent defendant. She entered a plea of not guilty and not guilty by reason of insanity, and the trial was set for December 17, 1963. On November 29, 1963, an amended information was filed by the state charging defendant as follows:

"The said Ramona Tapia Moreno, on or about the 16th day of September, 1963, * * * did then and there, wilfully, unlawfully, and feloniously, murder one, Grady Holly, a human being, all in violation of § 13–451 and § 13–453, A.R.S., 1956. * * *"

She thereafter, on December 2, 1963, entered her plea to the amended information of not guilty and not guilty by reason of insanity. On January 21, 1964, the court, after a hearing, entered an order finding defendant incapable of understanding the nature of the proceedings or assisting in her defense and committing her to the Arizona State Hospital until she could recover. On May 6, 1964, the hospital reported defendant was then capable of understanding the nature of the proceedings and assisting in her defense. Two psychiatrists were appointed under Rule 250, Ariz.Rules Crim. Proc., 17 A.R.S. The question of whether defendant was mentally defective to the extent that she was unable to understand the proceedings against her and to assist in her defense was submitted to the court by stipulation on reports of the psychiatrists. On August 7, 1964, the court found defendant was able to understand the proceedings and to assist her counsel. The case was set for trial on September 8, 1964. The day of the trial defendant moved to change her plea from not guilty to guilty. The minutes of the court show:

"It is ordered granting defendant's motion for change of plea; the defendant withdraws her plea of not guilty heretofore entered and at this time enters a plea of Guilty of Murder as charged.

"It is ordered fixing time for imposition of sentence at 1:30 p. m. on September 16, 1964, before Judge Stidham in Div. 14."

The sentence was continued to September 23, at which time defendant again appeared

in court. Her counsel was not present. The minutes of the proceedings are as follows:

"This is the time regularly set for passing of sentence. Mr. Johnson is present on behalf of the state; the defendant is present. It appearing to the Court that Mr. Tanner, counsel for the defendant is in Texas, the defendant is asked if she wishes to proceed without counsel and she so chose.

"By virtue of the defendant's plea, it is the Judgment of the Court that the defendant is guilty of the Crime of Murder as charged. As punishment for this crime, the defendant is to be imprisoned in the Arizona State Prison for the rest of her natural life. Defendant is remanded to the custody of the sheriff."

Thereafter, the present counsel for defendant was appointed to represent her, and, on November 12, 1965, her counsel filed a motion in the court to vacate the judgment on the grounds that the information did not specify the degree of the murder charged and that the court had not determined the degree of murder in accordance with the procedure provided for in Arizona Rules of Criminal Procedure Nos. 185 and 186, 17 A.R.S., and for this reason the judgment was void. Rule 142 permits an indictment or information to be filed without specifying the degree of the crime.[1] The information in the instant case was filed under this rule, without specifying the degree of the crime. It was to this information defendant entered her plea of guilty. When an information is filed under Rule 142, Rules 185 and 186 make it mandatory upon the court to determine the degree of

the offense of which defendant is guilty, before accepting the plea and rendering judgment and sentence.[2]

The minutes of the court clearly show that this procedure was not followed. The question then, as presented by counsel for defendant, is whether the lower court had authority to vacate the judgment and sentence, and whether it was mandatory on the court to permit defendant to withdraw her plea of not guilty. In State v. Peel, 99 Ariz. 174, 407 P.2d 756, in which an information was filed without specifying the degree of the crime, the defendant contended that the court made an improper determination of the degree of the crime of burglary in that he made the finding from the transcript of the record of the trial of a co-defendant. In this connection we said:

"Under the Arizona Rules of Criminal Procedure, it was permissible for the county attorney to file an information against defendant which was unspecified as to the degree of the crime charged. It was also proper for the court to accept defendant's plea of guilty to that information. The question therefore becomes one of determining whether or not the trial court followed the proper procedure in determining the degree of burglary under which defendant was to be sentenced.

\*      \*      \*      \*      \*      \*

"In the instant case the court, after reciting the conviction of defendant's brother, Robert, stated that the 'plea of this Defendant, James Otis Peel, to the same information causes the Court to make a finding that the charge of bur-

---

1. Rule 142, Ariz.Rules of Criminal Procedure, 17 A.R.S., provides:
   "In an indictment or information for an offense which is divided into degrees it is sufficient to charge that the defendant committed the offense without specifying the degree."

2. Rules 185 and 186 of the Arizona Rules of Criminal Procedure, 17 A.R.S., provide:
   "Rule 185. \* \* \*
   "When an indictment or information charges an offense which is divided into

degrees, without specifying the degree, and the defendant pleads guilty without specifying the degree, the court shall determine the degree as provided in Rule 186.
   "Rule 186. \* \* \*
   "If the defendant pleads guilty as provided in Rule 185, the court shall, before accepting the plea, examine defendant and witnesses, if necessary, to determine the degree of the offense of which the defendant is guilty and render judgment and sentence accordingly."

glary undesignated is burglary first degree.' We hold this is not in compliance with Rules 185 and 186. * * *" 99 Ariz. at 177, 178, 179, 407 P.2d at 758.

 In the Peel case, supra, we ordered the cause remanded to the lower court with directions that the degree of the crime be determined in accordance with the Arizona Rules of Criminal Procedure Nos. 185 and 186, 17 A.R.S. In the instant case, the state contends that defendant failed to file timely notice of appeal from the judgment and sentence as required under Rule 348, Rules of Criminal Procedure, 17 A.R.S., and that for this reason the lower court was without jurisdiction to hear the motion to vacate the judgment and sentence, and was without authority to permit the withdrawal of the plea of guilty. This court has held in several cases that where a void judgment exists, the lower court has authority under Rule 60(c), Rules of Civil Procedure, 16 A.R.S., as amended, to vacate the judgment. We have held this same rule to be applicable to criminal cases. State v. Lopez, 96 Ariz. 169, 393 P.2d 263; Condos v. Superior Court, 29 Ariz. 186, 239 P. 1032; Sam v. State, 33 Ariz. 421, 265 P. 622. The attorney general points out, however, that Rule 60(c) explicitly states that all motions made thereunder must be made within a "reasonable time," and the motion in the instant case having been made approximately thirteen and one-half months after the judgment and sentence was not made within a reasonable time. A defendant confined in prison is certainly entitled to every latitude extended to a party in civil litigation. In the instant case the record shows that the present appointed counsel made the motion within a reasonable time after she was appointed to defend defendant. Courts have held that a motion to set aside a void judgment might be made even when much longer periods of time have elapsed than in the instant case (e. g., Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337). Under the facts of the instant case, we feel the motion was not untimely. We therefore hold that the court should have granted the motion to vacate the judgment and sentence of the court, and then determined the degree of murder of which defendant was guilty before accepting the plea and pronouncing judgment of conviction and sentence.

 Defendant also contends that she has the right to withdraw her plea of guilty. We have held the withdrawal of a plea of guilty to be discretionary with the court. State v. Peel, supra; Montgomery v. Eyman, 96 Ariz. 55, 391 P.2d 915.

 While the withdrawal of a plea is discretionary with the trial court, we are of the opinion that the facts and circumstances of this case require that defendant be permitted to withdraw her plea.

The judgment and sentence of the court are vacated, and the case is remanded for further proceedings consistent with this decision.

BERNSTEIN, C. J., and STRUCKMEYER, UDALL and LOCKWOOD, J., concur.