460 P.2d 3

The STATE of Arizona, Appellee,

v.

Morris L. SCOTT, Appellant.

No. 1949.

Supreme Court of Arizona.

In Banc.

Oct. 24, 1969.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Wolfram & Krom, by Donald E. Wolfram, Phoenix, for appellant.

HAYS, Justice.

Defendant, Morris Scott, appeals from convictions of rape and kidnapping, for which he was sentenced to concurrent periods of incarceration at the State Prison of ten to fifteen years for the rape conviction and one to two years for kidnapping. His motion for a new trial was denied.

The uncorroborated testimony of the prosecutrix, a twenty year old college coed, alleged the following: That while she was waiting for a bus at 12th Street and Broadway in Phoenix, a car containing three

persons, including defendant, drove up and asked her if she wanted a ride; that she declined because her anticipated bus was approaching less than two blocks away; that defendant dragged her into the car; that she was effectively imprisoned by the clutch of defendant's arm and the knife wielding of one of the passengers, a female; that she was driven, against her wishes, out of Phoenix and down into the Laveen-St. Johns area; that while the female passenger threatened her with a knife, the two male passengers, including defendant, forced her to undress and raped her; and that she was then returned to Phoenix and let out of the car near the bus stop where she was originally abducted.

Defendant first assigns as error that the evidence adduced at trial was insufficient to support a conviction for rape because evidence of penetration, an essential element in rape, was never conclusively established. We do not agree with defendant's contention.

■ The law as to what degree of penetration constitutes that necessary element of rape was clearly set forth in State v. Pollock, 57 Ariz. 415, 114 P.2d 249 (1941). In Pollock, we reiterated the long time holding of this Court "that the slightest penetration of the vulva is sufficient to complete the offense * * *."

The prosecutrix testified that defendant entered her vaginal passage with his penis. Her examining physician, who examined her vaginal area within a few hours after the alleged rapes occurred, testified that he found "lacerations all around the rim of her vagina where the hymen was." When asked to describe the condition of the hymen, the doctor responded: "The hymen is a ring that encircles just inside the vagina. All around the whole area of the ring there was, oh, like abrasion, like if you fell on a sidewalk and took all the skin off." The abrasions had to have taken place within a few hours of the examination, he opined, "because she was still bleeding from some of them."

The testimony of the prosecutrix and the doctor were sufficient to allow the jury to find that penetration had occurred. In Pollock, supra, we also held that in a prosecution for rape, "a conviction may be had upon the uncorroborated testimony of the prosecutrix unless her story is physically impossible, or so incredible that no reasonable man could believe it." 57 Ariz. at 417, 114 P.2d at 250. We hold that the evidence in the present case was sufficient to support a conviction for rape.

■ Defendant next argues that the prosecution never conclusively established that the alleged rape took place in Maricopa County, and that therefore the Maricopa County Superior Court was without venue to hear the rape prosecution. In fact, defendant contends that the evidence demonstrates that the alleged crime took place in Pinal County. The defendant did not testify in the case, and we must therefore look to the testimony of the prosecutrix to see if the evidence permitted venue in the courts in Maricopa County.

The prosecutrix was unable to point out the exact location where the alleged rape occurred. Rather, she relied on landmarks which she observed while her abductors' automobile carried her to the "scene of the crime." She was able to discern that the car had headed in a southwesterly direction from the city of Phoenix, that the auto had passed signs which read "Laveen" and "St. Johns," and that the alleged rapes occurred about two miles from the sign which read "St. Johns." She also testified that to the best of her knowledge, the location "wasn't outside the county" and "that area includes Maricopa County." When detectives later accompanied the prosecutrix in a search for the precise location, she was unable to locate it.

■ Although it is usually desirable for the prosecution to prove venue by direct evidence, indirect or circumstantial evidence may be used in a proper case, and if there is proof of facts from which the court can take judicial notice of venue, such proof is sufficient. State v. Howe,

69 Ariz. 199, 211 P.2d 467 (1949) ; State v. Phillips, 102 Ariz. 377, 430 P.2d 139 (1967). We take judicial notice of the fact that St. Johns and Laveen are in Maricopa County. From the landmarks which the prosecutrix recalled in her testimony, we hold that there was sufficient evidence for the jury to determine that the crime was committed in Maricopa County. Such evidence was never contradicted.

■ Defendant was found to be an indigent and a public defender was appointed as his counsel. When defendant's case came to trial, however, defendant waived representation by court appointed counsel, and chose to argue his defense in propria persona. An extensive record was made by the trial judge, counsel, and defendant on the matter of waiver, and that record clearly reflects that defendant knowingly and intelligently waived his right to counsel. Defendant did request that the public defender sit in the court room during the trial of the case, so that defendant could call on the public defender's assistance if needed. The trial court granted defendant's request, and the public defender was present during the entire proceedings.

■ During the state's direct examination of the prosecutrix, the following testimony was elicited:

"Yes, they told me that there was no use in going to the police, because they had done that before and that there was no way * * *."

Defendant made no objection or motion to strike the testimony. On appeal, however, defendant alleges prejudicial error in the trial court's admitting such testimony into evidence. We have long adhered to the principle that the failure to make timely objections at trial precludes any assertion of error on appeal. Tang v. Avitable, 76 Ariz. 346, 264 P.2d 835 (1953), and numerous other cases. Without making any comment on defendant's evidentiary claim, we hold that defendant precluded his right of appeal concerning this particular assignment of error by failing to object to the admission of the testimony at trial.

■ At the close of his own case in chief, defendant moved that the trial court grant him a continuance so that he could obtain private counsel to prepare an adequate defense. His ground was that he had been unable to present at trial the type of defense he had hoped to present. The trial judge quickly denied defendant's request for a continuance, and defendant now alleges on appeal that such denial, and the fact that he represented himself in his own defense, prevented his having a fair and impartial trial. We find no merit in such a contention. The trial judge went to great lengths to explain to defendant not only his rights but also the advantages of representation by counsel. Defendant knowingly and intelligently waived his right to representation by the public defender. We hold that under such circumstances, he received a fair trial.

■ Defendant's final assignment of error concerns his sentencing by the trial judge. Immediately after the jury returned a verdict of guilty on both counts, the following colloquy took place among the judge, defendant, and counsel:

"BY THE COURT: * * * The Court is ready to pass sentence in this case, State of Arizona v. Morris L. Scott.

Mr. Scott, you have been charged by the State of Arizona with the crime of kidnapping and rape, felonies, and you have been found guilty of these charges by a jury.

Do you have anything to say or any legal cause to show why sentence should not be now pronounced, Mr. Scott?

BY MR. DOUGHERTY (Public Defender) : If it please the Court, we do have a motion for a new trial. We would like to present that at this time.

Do you want to do that after sentencing?

BY THE COURT: Yes, I will hear the motion for a new trial after sentencing.

BY MR. DOUGHERTY: No legal cause at this time, no reason for not

**112**

pronouncing sentence—do you have anything to say?

BY THE DEFENDANT SCOTT: No, Sir.

BY THE COURT: Does counsel for the State have any matters that he wishes to present to the Court with respect to the sentencing at this time?

BY MR. DEBUS: Yes.

May we approach the bench momentarily?

BY THE COURT: Yes.

(Thereupon a conference was held at the bench out of the hearing of the jury and the Court Reporter.)

BY THE COURT: No legal cause appearing to the Court by reason of the verdict of the jury, it is the judgment of this Court that you are guilty of the crimes of kidnapping and rape, felonies.

As punishment for this crime, Mr. Scott, it is ordered you be sentenced to be incarcerated in the Arizona State Prison, Florence, Arizona, for a term of not less than 10 nor more than 15 years."

Defendant's motion for a new trial was subsequently overruled. Defendant alleges on appeal that this judgment and sentencing procedure was contrary to the law of Arizona. We agree.

Rule 324 of the Arizona Rules of Criminal Procedure, 17 A.R.S. provides:

"If the defendant is acquitted, judgment shall be rendered immediately. If the defendant is convicted judgment shall not be rendered until three days after such conviction and only after overruling any motion for a new trial or in arrest of judgment. If the defendant expressly waives his right to move in arrest of judgment and for a new trial, judgment may be rendered immediately."

Rule 325, subd. B (Arizona Rules Crim. Proc.) further adds that "When judgment of guilty has been rendered, the court shall pronounce sentence in open court and it shall be entered of record." In State v. Smith, 66 Ariz. 376, 189 P.2d 205 (1948), we held that it was error, where the defendant had not expressly waived his right to the statutory three day interim, to pronounce sentence before the three day period had elapsed. Justice LaPrade wrote that "judiciousness would seem to indicate that no court can do justice to the individual and to the integrity and majesty of the law where it proceeds with unseemly haste to dispose of a criminal case and summarily orders a man's incarceration in prison." 66 Ariz. at 381, 189 P.2d at 209. We also concluded in Smith, supra, that "before sentencing any defendant the court of its own violation (sic) in the exercise of a sound, legal discretion should inquire into all the facts and circumstances surrounding the alleged offense. Inquiry should be made into defendant's moral character, antecedents, and associations to the end that the court may be informed as to the previous good character of defendant or his inclination to engage in criminal or antisocial conduct and activities." 66 Ariz. at 381, 189 P.2d at 208.

Since defendant did not expressly waive his statutory right to a three day interim period between the time the jury returned a verdict of guilty and the time of the trial court's pronouncement of judgment and sentencing, we hold that the trial court erred in passing immediate judgment and sentencing. Accordingly, the case should be remanded to the Superior Court for resentencing, at which time defendant should be afforded his right of allocution. Defendant's other assignments of error are without merit, and the judgment of conviction for rape and kidnapping is affirmed.

UDALL, C. J., LOCKWOOD, V. C. J., and STRUCKMEYER and McFARLAND, JJ., concur.