483 P.2d 1402

**STATE of Arizona, Appellee,**

v.

**Hargie Lee LEWIS, Appellant.**

**No. 2061.**

Supreme Court of Arizona,
In Banc.

April 7, 1971.

Rehearing Denied May 4, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Chief Justice.

Hargie Lee Lewis was charged with two felony counts, under A.R.S. § 13-491 with the crime of kidnapping, and under A.R.S. § 13-611 with the crime of rape. On November 6, 1967 he changed his plea to the charge of rape from not guilty to guilty and the charge of kidnapping was dismissed. From the conviction and sentence to a term of imprisonment for not less than ten nor more than fifteen years, he brings this delayed appeal.

Lewis urges that the information charging the crime of rape was not sufficient to support a plea of guilty because it did not allege that the victim was not his wife. He cites this court to Browning v. State, 53 Ariz. 174, 87 P.2d 112, wherein we held that in an information charging rape it was necessary to negative the existence of the relationship of husband and wife between the defendant and the victim. The rule announced in that case was, however, superseded in 1939 by the adoption of the Rules of Criminal Procedure, A.R.S. 17. There, by Rule 148, it became permissible to charge rape simply as "A. B. raped (or ravished) C. D."

By A.R.S. § 13-611, rape is divided into first and second degrees, and by Rule 142 of the Rules of Criminal Procedure, where an offense is divided in degrees an information may charge the offense without specifying the degree. Consequently, we conclude that although the information neither alleged that the victim was not the wife of the defendant nor specified the degree of the crime, being a valid charge it was sufficient to support a lawful plea of guilty. State v. Peel, 99 Ariz. 174, 407 P.2d 756.

Defendant relies on Criminal Rules 185 and 186 which require that on a plea of guilty the trial judge shall determine the degree of the offense and render a judgment and sentence accordingly. He urges that because the information did not specify the degree of rape and because the court did not determine the degree, in derogation of the requirements of Rules 185 and 186, the defendant's plea of guilty should be treated as void and of no force or effect. We note that in some states it has been held that it is mandatory for the trial judge to comply with such requirements as are embodied in Rules 185 and 186. Anno. 34 A.L.R.2d 919 (1954), Plea of Guilty—Degree of Offense. But we do not think defendant was prejudiced by the court's failure and, therefore, we believe the error was purely technical and harmless.

A.R.S. § 13-611 provides:

"A. Rape in the first degree is an act of sexual intercourse accomplished with

a female, not the wife of the perpetrator, under any of the following circumstances:

\* \* \* \* \* \*

2. Where the female resists, but her resistance is overcome by force or violence.

3. Where the female is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, \* \* \*

\*- \* \* \* \* \*

B. Rape in the second degree is an act of sexual intercourse with a female, not the wife of the perpetrator, under the age of eighteen years, under circumstances not amounting to rape in the first degree. As amended Laws 1962, Ch. 52, § 1."

The record submitted to this Court includes the statement of facts on conviction signed by the County Attorney of Maricopa County. In part its reads:

"On August 14, 1967, the defendant, codefendant and Cozette Clay abducted Lorraine Glenda Newman while she was waiting for a bus at Twelfth Street and Broadway in Phoenix, Arizona. The victim was then taken into the desert near Laveen or St. Johns and forcibly raped by the defendant and codefendant, while Cozette Clay held a knife at her throat."

■ Moreover, in the companion case of State v. Scott, appealed to this court, see 105 Ariz. 109, 460 P.2d 3, the facts as recited in the decision established that the victim was waiting for a bus at Twelfth Street and Broadway in Phoenix when a car containing three persons drove up; that the victim was dragged into the car and driven out of Phoenix into the Laveen—St. Johns area; that while she was being threatened by a knife, Scott and the defendant Lewis forced her to undress and raped her. Since rape in the first degree is an act of sexual intercourse where the female resists but her resistance is overcome by force or the female is prevented from resisting by threats of immediate and great bodily harm accompanied by apparent power of execution, the offense here is rape in the first degree.

■ As stated, Criminal Rule 186 provides that the trial judge "shall \* \* \* determine the degree of the offense \* \* and render judgment and sentence accordingly." The reason for the rule requiring the determination of the degree of the offense is so that a proper sentence and judgment may be pronounced. By the Arizona statute A.R.S. § 13–614, the punishment for rape in the first degree is imprisonment in the state prison for life or any term of years not less than five, and punishment for rape in the second degree is imprisonment in the state prison for life or any term of years in excess of one year or by imprisonment in the county jail for not to exceed one year. The court's sentence of no less than ten nor more than fifteen years is within the range and limits of the punishment for both rape in the first and rape in the second degree.

■ Criminal Rule 186 provides that the court shall examine defendant and witnesses, "if necessary," to determine the degree of the offense. The rule is obviously conditional and we do not construe it as mandatorily requiring in every instance the examination of the defendant and witnesses before an appropriate sentence and judgment are pronounced. There are other means, such as probation officers' reports, by which the Arizona courts customarily determine facts upon which to pass judgment and sentence after a plea of guilty has been entered.

Consequently, we do not presume that the lower court acted in this important matter without being appropriately advised of the details of the offense and other relevant facts. For this reason, and because the sentence is within the legal limits of both first and second degree rape, the error of the court in failing to comply with Rules

185 and 186 is at the most technical error and harmless.

Judgment affirmed.

HAYS, V. C. J., and UDALL, J., concur.

CAMERON, Justice (dissenting).

In this case the defendant was charged in an information with rape unspecified as to degree. I agree with the majority that this was proper under the circumstances. The defendant later decided to withdraw his plea of not guilty and the following transpired:

"THE COURT: Case number 52821, State of Arizona versus Hargie Lee Lewis.

"MR. GERST: The State is ready, Your Honor.

"MR. FRANCONE: Defense is ready, Your Honor.

"THE COURT: Mr. Lewis, come forward. Your name is Hargie Lee Lewis? You are Mr. Lewis?

"DEFENDANT LEWIS: Yes.

"THE COURT: Mr. Lewis, you have been charged by the State with the crime of rape, felony. To this charge you have entered a plea of guilty; is that right?

"DEFENDANT LEWIS: Yes.

"THE COURT: Do you have anything to say or any legal cause to show why cause (sic) should not now be pronounced?

"DEFENDANT LEWIS: No excuse. I wish the Court be lenient with me.

"MR. FRANCONE: Your Honor, no legal cause, but if I could say a brief word in behalf of Mr. Lewis, I am sure he realizes, because of the other charges against him, he is not a can-didate for probation, but ask the Court to give the minimum sentence.

"THE COURT: I studied the case.

The Court is aware this is—the fact this is the—your first felony, but the Court is aware that you have a pattern there as to some misdemeanors.

The Court can take into consideration the fact there is a pattern there, Mr. Lewis, and for those reasons, others of which the Court took into consideration, which include the fact that the crime which you are being charged, the crime you have found to be guilty, terrorization of a woman, is a type of crime that the Court cannot turn its back on.

I am sure you must have had occasion since you were arrested for this crime to think as to the seriousness of your act at that time.

It is the judgment of this Court, Mr. Lewis, that you are guilty of the crime of rape, a felony. As punishment for this crime it's ordered you be incarcerated in Arizona State Prison, Florence, Arizona, for a term of not less than 10 nor more than 15 years. This sentence shall begin this date.

A commitment will be issued which will be the authority of the Maricopa County Sheriff to take you to the State Prison, also, the authority of the warden to commit you for the term fixed by the Court or until you are otherwise legally discharged.

"MR. GERST: At this time the State would dismiss Count I of the information charged against Mr. Lewis.

"THE COURT: So ordered, dismissing Count I.

"MR. GERST: Yes, Your Honor, as to the kidnapping, I believe it was, I am not sure.

(Thereupon proceedings concluded.)"

Our rules state:

"Rule 185. Plea of guilty of offense divided into degrees

"When an indictment or information charges an offense which is divided into degrees, without specifying the degree, and the defendant pleads guilty without specifying the degree, the court *shall* determine the degree as provided in Rule 186." (Emphasis added) Rule 185, Rules of Criminal Procedure, 17 A.R.S.

"Rule 186. Plea of guilty of offense divided into degrees; determination of degree

"If the defendant pleads guilty as provided in Rule 185, the court *shall, before accepting the plea*, examine defendant and witnesses, if necessary, to determine the degree of the offense of which the defendant is guilty and render judgment and sentence accordingly." (Emphasis added) Rule 186, Rules of Criminal Procedure, 17 A.R.S.

The majority opinion pays credence to the statement of facts on conviction prepared by the County Attorney, pursuant to § 11–533 A.R.S., as evidencing and substantiating the alleged § 13–611, subsec. A (2) conviction. It is noted, however, that this is not a finding of fact; indeed, it is prepared after sentencing and is designed to "aid the superintendent of the prison and the board of pardons and paroles in determining the capability of such prisoner to become a law abiding citizen." (§ 11–533 A.R.S.)

Neither the original complaint, the information, the transcript, nor judgment of guilt and sentence show this offense to be other than "rape—a felony". This court has on previous occasion stated:

"So, it is recognized that in some instances it would not be necessary to examine defendant or witnesses. This of course could be done by questioning of defendant or by agreement of defendant

and his counsel at the time of his plea or at the time of the sentence." State v. Peel, 99 Ariz. 174, 178, 407 P.2d 756, 758–759 (1965).

Neither procedure was followed here.

Likewise, the majority calls on evidence from the companion case of State v. Scott, 105 Ariz. 109, 462 P.2d 3 (1969). Admittedly, in the companion case the record discloses the age of the victim to be 20 years. Knowing this fact I cannot assume that the defendant was guilty of rape in the 2nd degree. Of this analytical procedure, however, we have previously stated:

"There is * * * a conflict * * * as to whether the court may rely on testimony previously taken in a prosecution of a co-defendant at a separate trial for the same offense. *We feel that the proper rule to follow is that determination must be made from the record made in the case in the presence of defendant.*" State v. Peel, supra, 99 Ariz. at 178, 407 P.2d at 759. (Emphasis added)

I see no reason to retreat from that position.

Additionally, the punishment section for rape reads as follows:

"§ 13–614. Punishment

"A. Rape in the first degree is punishable by imprisonment in the state prison for life, or for any term of years not less than five.

"B. Rape in the second degree is punishable by imprisonment in the state prison for life or for any term of years in excess of one year, or by imprisonment in the county jail for not to exceed one year.

"C. Rape in the first or second degree committed by a person armed with a knife, a gun or deadly weapon is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor

more than life imprisonment, and in no case, except for first offense, shall the person convicted be eligible for commutation of sentence." § 13–614, as amended, 5 A.R.S.

Under subsection C, the punishment is the same for the first offense but must be enhanced for subsequent offenses committed with a deadly weapon. It therefore becomes important to the State as to future offenses to have the fact that defendant committed this act by force or violence and with a deadly weapon (a knife) determined at the time of sentencing. The information did not specify the degree of the offense. We have stated:

"Rule 142 permits an indictment or information to be filed without specifying the degree of the crime.

\* \* \* \* \* \*

"When an information is filed under Rule 142, Rules 185 and 186 make it *mandatory* upon the court to determine the degree of the offense of which defendant is guilty, before *accepting the plea* and rendering judgment and sentence." State v. Moreno, 102 Ariz. 399, 401, 430 P.2d 419, 421 (1967). See also State v. Peel, supra.

I believe that before a plea of guilty may be accepted, the trial judge must expressly determine the degree of the offense and the permissible punishment thereunder. I would remand the matter for that limited purpose.

LOCKWOOD, J., concurs.