STATE OF NEBRASKA, APPELLEE, v. LYNN M. MOORE, APPELLANT.

192 N. W. 2d 155

Filed December 3, 1971. No. 37979.

Frank E. Piccolo, for appellant.

Clarence A. H. Meyer, Attorney General, and James J. Duggan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A jury found Lynn M. Moore guilty in a criminal prosecution for issuance of a no account check. On appeal for error he assigns admission in evidence of two other checks issued by him.

Moore issued the check described in the information upon First Security Bank of Sutherland for $153 on July 5, 1969. He had maintained an account there only from November 1949 to March 1951 when his credit balance fell to nothing.

One of the other checks was issued by Moore on the

First Security Bank for $12.35 on January 1, 1968. The second check, exhibit 7, was drawn by him on that bank for $15 on December 30, 1967. The bank's rejection slip on exhibit 7 indicated insufficient funds by a mark on the slip but with a handwritten notation "N.P. St.".

Evidence of a crime like the one charged against an accused is admissible if it tends to prove a particular criminal intent which is necessary to constitute the crime charged. State v. Mayes, 183 Neb. 165, 159 N. W. 2d 203 (1968). Whether such other crimes are too remote is determinable by the exercise of judicial discretion, the limits of discretion being set by the facts of each case. State v. Rich, 183 Neb. 128, 158 N. W. 2d 533 (1968); United States v. Corry, 183 F. 2d 155 (2d Cir., 1950).

"To prove Intent, . . . including the various non-innocent mental states accompanying different criminal acts, there is employed an entirely different process of thought. The argument here is purely from the point of view of the doctrine of chances,—the instinctive recognition of that logical process which eliminates . . . innocent intent by multiplying instances of the same result until it is perceived that this element cannot explain them all. . . . similar results do not usually occur through abnormal causes; and the recurrence of a similar result (here in the shape of an unlawful act) tends (increasingly with each instance) to negative . . . (an) innocent mental state . . .; and the force of each additional instance will vary in each kind of offence according to the probability that the act could be repeated, within a limited time and under given circumstances, with an innocent intent." II Wigmore on Evidence, § 302, p. 196 (3d Ed., 1940).

Admission in evidence of exhibit 7, at least in light of the bank record of no account, was not prejudicial error. Moore's other contentions are not well taken.

AFFIRMED.