495 P.2d 133

**STATE of Arizona, Appellee,**

v.

**Morris L. SCOTT, Appellant.**

**No. 1949-2.**

Supreme Court of Arizona,
In Division.

March 30, 1972.

Rehearing Denied May 2, 1972.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAYS, Chief Justice.

The defendant was found guilty by a jury of rape and kidnapping. He appealed his sentence and conviction to this court which affirmed the convictions but set aside the sentence for the reason that the sentence was entered prior to three days having elapsed from the date of the conviction, and the defendant not having expressly waived this right as required by Rule 324, Rules of Criminal Procedure, 17 A.R.S. State v. Scott, 105 Ariz. 109, 460 P.2d 3 (1969).

The defendant was resentenced on December 2, 1969. On March 5, 1970, the defendant filed a motion to vacate judgment and sentence on the grounds that he was denied counsel at his lineup and that the lineup was improperly conducted, having taken place while the defendant was unconscious as the result of an epileptic seizure. These claims were never presented at the defendant's original trial nor on

his first appeal to this court. The court below ruled that because of our decision in State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969), it had no jurisdiction to entertain the defendant's motion. We concur with this position.

We cannot find any solace for the defendant in the fact that at the time of trial he waived court-appointed counsel and proceeded in propria persona [see original appeal, State v. Scott, 105 Ariz. 109, 460 P.2d 3 (1969)]. The trial court and counsel made an extensive record reflecting the fact that defendant knowingly and intelligently waived his right to counsel. He cannot now be heard to complain because he was not represented by counsel, nor can he thus excuse his failure to object to certain evidence presented at trial.

 The defendant next contends that his conviction is illegal because the jury did not make a specific finding as to the degree of the offense. There was uncontradicted evidence that the prosecutrix was twenty years of age. We decided a similar issue on a plea of guilty in the companion case, State v. Lewis, 107 Ariz. 163, 483 P.2d 1402 (1971). However, we do not reach this issue because this is a matter which could have been raised on the first appeal, and was not. State v. Pierson, 107 Ariz. 386, 489 P.2d 23 (1971).

■ The defendant's final argument is that he was denied an adequate opportunity to consult with counsel concerning his mitigation hearing held at his resentencing. He also contends that the resentencing judge did not make a proper presentence investigation before pronouncing sentence.

We have examined the record of the resentencing proceedings and it appears that defendant's contentions are without merit. The sentencing judge granted defense counsel's request that he be given time to confer with his client concerning mitigation in the matter; and before pronouncing sentence, the sentencing judge stated that he had had the benefit of a pretrial investigation and report concerning the defendant which included the circumstances surrounding his crime, his background, and the statements of witnesses.

Finding no merit in the other contentions of the defendant, as well as those concerning his resentencing, we affirm the sentence as pronounced on resentencing.

CAMERON, V. C. J., and STRUCKMEYER, J., concur.