530 P.2d 905

**STATE of Arizona, Appellee,**

v.

**David Glenn SHORT, Appellant.**

**No. 2 CA–CR 449.**

Court of Appeals of Arizona, Division 2.

Jan. 21, 1975.

Rehearing Denied Feb. 19, 1975.

Review Denied March 25, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Thomas M. Thompson, Globe, for appellant.

## OPINION

HOWARD, Chief Judge.

Defendant was indicted by the grand jury on two counts of armed robbery. To these charges defendant entered pleas of not guilty.

Subsequently, pursuant to a plea bargain agreement signed by defendant, his attorney and the Gila County Attorney, defendant entered a guilty plea to an amended count of robbery and the other count was dismissed. The court sentenced defendant to a term of not less than nine (9) years nor more than fifteen (15) years in the Arizona State Prison.

Defendant presents the following questions for review:

"I. Was Defendant's plea of 'guilty' entered knowingly, intelligently and voluntarily?

II. Did the Court commit reversible error in pronouncing sentence less than 15 days after the determination of guilt?

III. Was the sentence imposed on the Defendant excessive in view of the circumstances?"

On the issue of his plea, defendant contends that it was not intelligently made because of statements made by his attorney at the sentencing. In response to the court's question concerning the defendant's comprehension of the written plea agreement, his attorney stated:

"Your Honor, I believe I informed the defendants [1] that the minimum sentence was five years and that the minimum sentence for armed robbery I believe was ten years, and based upon my evaluation of the case it would be—be the best interest to plead guilty to robbery, but if they wanted to go to trial, we could."

Defendant claims that his lawyer was wrong in saying that first offense armed robbery was a minimum of ten years and that his change of plea was therefore not intelligently made. We do not agree. Rule 17.2, Arizona Rules of Criminal Procedure, 17 A.R.S., requires inter alia, that the court inform the defendant of the "range of possible sentence for *the offense to which the plea is offered*

---

1. There were two defendants. Apparently Short was the "wheelman" in the robberies.

. . . ." There is no dispute that defendant was aware of the potential sentence for robbery—the offense to which he pled. We believe this evidences an intelligently made plea. Cf., State v. Tucker, 110 Ariz. 270, 517 P.2d 1266 (1974).

 Rule 26.3(a), Arizona Rules of Criminal Procedure, provides:

"Upon a determination of guilt, the court shall set a date for sentencing. Sentence shall be pronounced not less than 15 nor more than 30 days after the determination of guilt unless the court after advising the defendant of his right to a pre-sentence report, grants his request that sentence be pronounced earlier."

Defendant, without objection, was sentenced nine days after determination of guilt. The comment to Rule 26.3(a) accurately states the purpose of the 15 to 30 day rule to be to give the probation office time to prepare a thorough pre-sentence report and to give the defendant time to examine and object to the report. Although the record sent to us by the trial court does not contain a pre-sentence report, it is evident from the transcript that the trial judge had such a report before him at sentencing. There is no allegation that defendant was denied his opportunity to critique the report.

Defendant's comparison of the foregoing rule with Rule 324 of the old Arizona Rules of Criminal Procedure is not well taken. Rule 324 prohibited the rendition of a judgment of guilty until three days after a determination of guilt. The purpose of the old rule was to prevent unseemly haste in disposing of a criminal case, and it required an express waiver. State v. Scott, 105 Ariz. 109, 460 P.2d 3 (1969).

The purpose of Rule 26.3(a) was satisfied in this case. The error was not prejudicial and does not call for the setting aside of the sentence and judgment.

 Defendant contends that the court did not consider his youthful age, 26, or the circumstances of the case when sentence was imposed. The record belies this contention. Defendant's past record and the circumstances of the case well justify the sentence imposed.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.