535 P.2d 28

**The STATE of Arizona, Appellee,**

v.

**Manuel E. VALENZUELA, Appellant.**

**No. 2 CA–CR 558.**

Court of Appeals of Arizona, Division 2.

May 14, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

William F. Olson, Bisbee, for appellant.

OPINION

PER CURIAM.

Appellant's claim that the court lacked jurisdiction to sentence him since the sentence was pronounced 35 days after the determination of guilt is without merit. Rule 26.3(a), Arizona Rules of Criminal Procedure, provides that the sentence shall be pronounced not less than 15 nor more than 30 days after the determination of guilt unless the court, after advising the defendant of his right to a pre-sentence report, grants his request that the sentence be pronounced earlier. Rule 26.3(b), Arizona Rules of Criminal Procedure, is inapplicable in this case, since it provides that the trial court, upon a showing of good cause, can reset the date of sentencing beyond 60 days after the determination of guilt. We are dealing here with a sentence pronounced 35 days after the determination of guilt where good cause for the delay is not apparent. Sentencing of the appellant 5 days after the time period provided in Rule 26.3(a) did not deprive the court of jurisdiction nor has appellant shown any prejudice resulting from the court's action. Cf., State v. Short, 23 Ariz.App. 59, 530 P.2d 905 (1975).

Affirmed.