539 P.2d 885

**STATE of Arizona, Appellee,**

v.

**Henry William HUNTER, Appellant.**

**No. 3030.**

Supreme Court of Arizona,
In Banc.

Sept. 12, 1975.

Rehearing Denied Oct. 14, 1975.

N. Warner Lee, Atty. Gen. by Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Appellant, Henry William Hunter, was indicted on two counts of rape, one count of kidnapping and one count of lewd and lascivious acts stemming from an incident on July 24, 1973. Pursuant to a plea agreement, appellant pled guilty to one count of kidnapping with intent to commit rape and the other charges were dismissed. He was sentenced to a term of 30 to 50 years in the Arizona State Prison. He appeals.

Appellant first urges that it was error for the trial court to refuse to allow him to withdraw his plea of guilty after he returned from the Arizona State Hospital following a psychiatric examination citing *State v. Moreno,* 102 Ariz. 399, 430 P.2d 419 (1967) and *State v. Corvelo,* 91 Ariz. 52, 369 P.2d 903 (1962), for the proposition that the determination of whether a guilty plea should be allowed to be withdrawn is a matter for the sound discretion of the trial court. It is contended that the facts surrounding his plea establish that it was an abuse of discretion for the trial court to refuse to allow him to withdraw it.

Appellant's position is that he was extremely nervous when he entered his plea and that the medication he had been given for this condition affected his reasoning process. Two doctors, however, testified that the medication and dosage, one Librium capsule, would not affect his ability to reason. The doctors acknowledged that the drug might have adverse effects on one person in several million, but stated that they had never personally observed such an effect and did not believe it occurred in the instant case. The record also shows that appellant was lucid throughout the taking of his plea, giving intelligent answers to the judge's probing questions.

Appellant contends that his decision to plead guilty was influenced by guarantees by his attorney that if he pled guilty he would be sent to the hospital for thirty days and could then change his plea. However, appellant's attorney testified that no such promises were made and he fully advised his client of the rights he was waiving by pleading guilty. His attorney testified:

"Q. * * * Prior to the plea or on the day of the plea did you ever discuss the possibility of withdrawing his plea at the later time?

A. No."

The credibility of witnesses is a question of fact for the trier of fact and the determination of such a question will not normally be disturbed on appeal. *State v.*

**130**

*Spencer,* 101 Ariz. 529, 421 P.2d 886 (1966); *State v. Ballesteros,* 100 Ariz. 262, 413 P.2d 739 (1966). We are satisfied that the trial court judge did not abuse his discretion when he did not accept appellant's assertion that he was promised the opportunity to withdraw his plea.

Appellant argues that it would be illogical for anyone to plead guilty to an offense that carries such a severe penalty. The record discloses that in exchange for the plea, the State dismissed indictments for two counts of rape, one count of lewd and lascivious acts and an allegation of a prior conviction for nearly an identical crime. Obviously the sentencing judge took in consideration the whole of appellant's criminal conduct.

■ Appellant refers to certain language of the trial judge that in the event the guilty plea was withdrawn, then all the charges should be reinstated and argues that this indicates a promise to allow appellant to withdraw his plea. From our examination of the record, we conclude that the judge was merely preserving the right of the State to try appellant on all counts should the court, in the exercise of its discretion, allow a change of plea. We do not construe his language as a promise that a motion to withdraw the plea would be granted.

■ Appellant next argues that A.R.S. § 13–492 does not provide for the crime of kidnapping with intent to commit rape unless the victim is under the age of thirteen. The statute in force at the time of the commission of the crime provided:

"§ 13–492

A. A person, * * * who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains such individual for ransom, reward *or otherwise,* * * * is guilty of a felony." (Emphasis supplied)

The term "or otherwise" has been subject to very complete and thorough interpretation by this Court. *State v. Jacobs,* 93 Ariz. 336, 380 P.2d 998 (1963), is dispositive of appellant's argument. In *Jacobs,* we held:

"In *State v. Taylor,* 82 Ariz. 289, 312 P.2d 162 (1957) we answered the argument that A.R.S. § 13–492, subd. A applies only to kidnapping with intent to obtain pecuniary gain. * * * We held that the words 'or otherwise' in the clause describing the types of specific intent which fall within the statute made that clause broad enough to include the intent to commit sexual assault, * * *.

\* \* \* \* \* . \*

We therefore now hold that the crime of kidnapping with intent to commit rape may be charged under A.R.S. § 13–492, subd. A." 93 Ariz. at 340–341, 380 P.2d at 1002.

■ Finally, appellant argues that since A.R.S. § 13–492(C)(2) provides for a statutory sentence of from 20 to 50 years, appellant should have received a minimum sentence of no more than 20 years. We have long held that a sentence within the statutory limits will not be disturbed unless it is an abuse of discretion. *State v. Rogers,* 109 Ariz. 55, 505 P.2d 226 (1973); *State v. McDonald,* 106 Ariz. 130, 471 P.2d 1022 (1970). Appellant's criminal record and the gravity of this crime establish sufficient reason for a greater sentence than the statutory minimum. Appellant's argument that the statute provides a mandatory minimum for the sentencing judge was rejected by this Court in *State v. Lewis,* 109 Ariz. 466, 512 P.2d 9 (1973), in which we overruled previous cases to the contrary. We said:

"* * * that the statutes be read to include any term within the proscribed minimum and maximum, * * *."

The conviction and sentence thereon are affirmed.

CAMERON, C. J., and LOCKWOOD, HAYS and HOLOHAN, JJ., concur.