692 P.2d 313
**STATE of Arizona, Appellant,**

v.

**John Henry MORSE, Appellee.**

**No. 1 CA–CR 7503.**

Court of Appeals of Arizona, Division 1, Department A.

Nov. 23, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Division and Gary A. Fadell, Asst. Attys. Gen., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by James L. Edgar, Deputy Public Defender, Phoenix, for appellee.

## OPINION

HAIRE, Presiding Judge.

The issue presented in this appeal by the state is whether the trial court erred in dismissing the charges against the defendant-appellee John Henry Morse, after concluding that Morse had been promised immunity from prosecution in exchange for his willingness to testify in another trial.

The present charges against John Henry Morse resulted from an indictment on two counts of theft filed on May 23, 1983. A motion to dismiss the present charges was filed on September 8, 1983, alleging that Morse had been promised that if he would testify against Jonathan Boggess, a defendant in a related case, Morse would be granted immunity from prosecution by the state. In the motion to dismiss, Morse argued:

> "It is clear from the attached transcripts of interviews conducted with Mr. Alvarez [the prosecuting attorney] and Mr. Miller [attorney for Mr. Boggess] that the state had struck a bargain with Defendant Morse. That bargain was that they would not prosecute him if he testified against Mr. Boggess."

Previously pending charges against Morse were dismissed immediately following the meeting in which the alleged agreement was made, but were subsequently re-filed as indicated above.

The focus of the dispute in this case concerns the substance of the agreement reached between the prosecutor (hereinafter Alvarez) and Morse, during the meeting in which Morse agreed to testify against Boggess.

Alvarez was the prosecutor in the Boggess case. After learning that Morse was a participant in the incident which gave rise to Boggess' prosecution, Alvarez sent Morse a letter requesting that they meet. Morse complied with Alvarez's request and the two met in late 1982 or early 1983. It appears from the record that Morse, who apparently had just reached the age of majority, was not represented by counsel at this meeting.

Alvarez claims that he did not know prior to this meeting that charges had previously been filed against Morse. Alvarez asked Morse if he would testify against Boggess at trial. Morse was reluctant to do so because he feared reprisal. He asked Alvarez about the possibility of receiving immunity. Alvarez offered immunity and stated that he would "draw up a document to be presented at the time of trial for immunity." Morse then asked what could be done about the charges that were pending against him. Alvarez said that he would dismiss the charges. However, Alvarez claims that he told Morse "[t]his [the promise to dismiss] is not in exchange for your testimony. The immunity is in exchange for your testimony...." Alvarez says that he made this statement because "I did not want to go to trial and have the defense attorney say, well, the prosecutor agreed to dismiss the case in exchange for your testimony, and he [Morse] could truthfully say no...." Shortly after this meeting, the charges against Morse were in fact dismissed.

On the day of Boggess' trial Morse appeared in court prepared to testify. Boggess, upon learning that Morse, among others, was prepared to testify, entered into a plea agreement with the state. Therefore, there was no longer a need for Morse's testimony. Subsequently the deputy county prosecutor referred the matter to the attorney general's office for the re-filing of the previously dismissed charges against Morse.

The state contends that the county prosecutor, Alvarez, agreed to provide use immunity in exchange for Morse's testimony and that the dismissal was never part of the bargain.[1] Since Morse never actually took the stand, the state argues, there is no testimony upon which immunity can be granted. The state concludes that it was, at all times, free to re-file charges against Morse.

Morse claims that he was granted full immunity from prosecution for his agreement to testify against Boggess at trial. He appeared, ready, willing and able to testify against Boggess and in so doing aided the state in obtaining a guilty plea from Boggess. Morse contends that the state breached its agreement by subsequently re-filing the charges against him.

Following a review of the pleadings and attached transcripts, the trial judge granted Morse's motion to dismiss. During the hearing on the motion to dismiss, the trial judge expressed his belief that the discussion of immunity between the state and Morse, along with the subsequent dropping of charges could reasonably have led an "unlearned" person to believe that he would be free if he testified. The judge also commented that Morse had "pretty well served his purpose," and that "he ought to be given some benefit for sticking his neck out." Implicit in the judge's ruling was the determination that the agree-

ment involved Morse's promise to appear to testify in exchange for the state's promise of immunity from prosecution. The trial judge concluded that since Morse appeared, ready, willing, and able to testify, he had performed his end of the bargain and was entitled to immunity from prosecution.

Morse had the burden of proving at the trial level, by a preponderance of the evidence, both the existence and the terms of an agreement to grant immunity. *State v. Burr*, 126 Ariz. 338, 339, 615 P.2d 635, 636 (1980); *State v. Rhymes*, 129 Ariz. 56, 57, 628 P.2d 939, 940 (1981). The court in *Burr* noted that appellate review of a trial court's findings of fact with respect to the existence and terms of an agreement is limited to a determination of whether those findings are clearly erroneous. 126 Ariz. at 339, 615 P.2d at 636. After reviewing the record in this case, we find that the trial judge's conclusions, implicit in his granting of the motion to dismiss, were not clearly erroneous. There is sufficient evidence to support a finding that Morse was granted immunity from prosecution for his agreement to appear and to testify against Boggess.

The state argues that even if the trial judge did find the agreement to be as Morse contends, a prosecutor's promise to dismiss a pending criminal prosecution is null and void and thus unenforceable. *State v. Johnson*, 122 Ariz. 260, 594 P.2d 514 (1979); *see Application of Parham*, 6 Ariz.App. 191, 431 P.2d 86 (1967).

However, *State v. Johnson, supra,* is distinguishable from this case. First, the court in *Johnson* found that, unlike in the pending appeal, the prosecutor agreed to drop charges only if the defendant *actually testified.* Furthermore, in *Johnson,* the charges were in fact never dismissed. The *Johnson* court stated:

---

**1.** We note that in the transcript of prosecutor Alvarez's testimony relating to his agreement with Morse, he never states that his offer of immunity to appellee was limited to "use immunity." In fact the term "use" immunity appears only in Alvarez's "Petition for Order Granting Immunity to Witness," which was prepared for

presentation to the trial judge on the day of Boggess' trial. Of course, due to Boggess' plea bargain, the order was never presented to the judge at trial. There is no evidence in the record that Morse ever saw the proposed petition.

"The prosecuting attorney did not have the sole authority to agree to a dismissal. His role was limited to recommending to the court that the case be dismissed. Any agreement exceeding this limited scope of authority would be void and unenforceable."

Here, pursuant to Alvarez's recommendation, the court in fact dismissed the previously pending charges against Morse. Thus the issue raised in *Johnson* is not present here.

The trial court found that Morse was justified in relying upon Alvarez's promise of immunity from prosecution, particularly when that promise was immediately carried out by the court's dismissal of all charges against him. We find no error in the trial court's determination.

For the aforementioned reasons, we affirm the order entered by the trial court dismissing the indictment.

BROOKS and GRANT, JJ., concur.