702 P.2d 1338

The STATE of Arizona ex rel. Thomas E. COLLINS, Maricopa County Attorney, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; the Honorable Joseph D. Howe, Judge, Respondents,

and

David Lyle HOLDORF, Real Party in Interest.

No. 17814–SA.

Supreme Court of Arizona, En Banc.

July 10, 1985.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt and Brian Ishikawa, Deputy County Attys., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by F. Kenton Komadina, Deputy Public Defender, Phoenix, for real party in interest.

HAYS, Justice.

This matter comes to us through a Petition for Special Action. Ariz. Const. art. 6, § 5(3); 17A A.R.S. Special Actions, Rules of Proc., Rule 8.

On June 26, 1984, the offenses of attempted sexual assault and kidnapping occurred in Maricopa County. Defendant was listed as a suspect in the case and on August 1, 1984, a police officer went to his residence to discuss the offenses. Defendant came to the door in response to the officer's knock. The officer informed defendant that he wanted to talk with him about the June 26 incident, and asked if defendant would come down to the police station. Defendant's girlfriend, who had accompanied defendant to the door, asked if defendant would be arrested that day. The police officer said that defendant could return to his residence upon completion of questioning.

Defendant accompanied the officer to the police station where he was placed in an

interview room. Thereafter, he was advised of his *Miranda* rights and answered the officer's questions as to his involvement in the June 26 offenses. The interview was tape-recorded. The police then drove defendant back to his residence.

Defendant was later charged by indictment for the offenses previously indicated, and arrested. Defendant's counsel moved for an evidentiary hearing on the voluntariness of defendant's statement to the police. After a hearing, the trial judge granted defendant's motion to suppress the statement. The state filed a Petition for Special Action. We accepted jurisdiction.

Apparently, the trial judge thought that he was required by *State v. Burr*, 126 Ariz. 338, 615 P.2d 635 (1980), to suppress defendant's statement. This is strongly indicated by the court's ruling and findings at the conclusion of the suppression hearing. We quote a portion of the court's statement:

"I read *Burr* over and over again. It says everything and nothing. Our Supreme Court seems, in *Burr*, to say that if there is any benefit implied, then the confession is suppressed without regard to whether the defendant relied on it, was moved by it, induced by it, at all. It also says that the benefit was that the man wouldn't be arrested which would be a bigger benefit if it meant not arrested at all than the benefit in this case which is that he wouldn't be arrested that day, right on the spot, perhaps.

"I grant the motion to suppress.

"I will make the following finding: that the officer did promise the defendant that if he came down and talked that the defendant would not be arrested on the spot at the station and that the officer would bring him home when they finished talking.

"I find also the officer did do that. He lived up to his promise.

"I find that the defendant did not rely on that promise. I don't believe within

the words of this *Robinson* case that the defendant was induced to make a statement by any real benefit. I find that the defendant's statement was the product of essentially free and unconstrained choice within the meaning of *Schmeckloth*, S-c-h-m-e-c-k-l-o-t-h [Schneckloth] *against Bustamonte*, B-u-s-t-a-m-o-n-t-e, 412 U.S. 218 [93 S.Ct. 2041, 36 L.Ed.2d 854 (1973) ]. I think the totality of the circumstances shows that the defendant had a completely voluntary choice. He was advised of his *Miranda* rights fully and completely and competently waived them, but I am construing the *Burr* case to require a sudden death rule. If the *Burr* case means that the promise has to be that the defendant would never be arrested in connection with the case, if he makes a statement, then this is not controlled by the *Burr* case, but the *Burr* case, on page 340 of the Arizona report, says the statement implied a benefit in exchange for information. Certainly, that's what happened in this case.
. . . ."

The instant case differs from the *Burr* case, *supra*, in one vital respect. The promise in *Burr* was significant and persuasive enough to affect the voluntariness of the defendant's statement made in the phone call from Arizona to Alaska. There the police impliedly promised to Burr that if he gave information he would not be prosecuted.

Another case which the defendant relies on is *State v. McFall*, 103 Ariz. 234, 439 P.2d 805 (1968). He seizes upon a sentence in that case:

"A confession to be free and voluntary within the meaning of the Fifth Amendment to the Constitution of the United States must not have been obtained by " 'any direct or implied promises, however slight . . .' " *Malloy v. Hogan*, 378 U.S. 1 at p. 7, 84 S.Ct. 1489 at p. 1493, 12 L.Ed.2d 653."

*McFall* at 236, 439 P.2d 805. The defendant McFall in that case was a drug addict.

An addict separated from his narcotics is an easy mark. An implied promise to return some of the drugs found on his person certainly could have affected the voluntariness of his statement or confession.

The trial court here specifically found that the defendant did not rely on the promise, and that the totality of the circumstances shows that defendant's choice was completely voluntary. This appears inconsistent with the court's suppression of defendant's statement. In *Burr, supra,* we indicated that the promise must *induce* the defendant to waive his fifth amendment rights. If defendant did not rely on the promise, he certainly was not induced by it to make a statement.

The order suppressing defendant's statement is vacated, the stay is vacated, and the matter is remanded to the trial court for further proceedings.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.