STATE OF NEBRASKA, APPELLANT, V. LARRY DICKSON, APPELLEE.

395 N.W.2d 770

Filed November 7, 1986.    No. 86-679.

Susan M. Koenig and Michael P. Norris, Deputy Hall County Attorneys, for appellant.

Daniel M. Placzek and D. Steven Leininger of Luebs, Dowding, Beltzer, Leininger, Smith & Busick, for appellee.

WHITE, J.

This is an appeal from the order of the district court for Hall County suppressing statements made by the appellee, brought before a single judge of this court pursuant to Neb. Rev. Stat. § 29-116 (Reissue 1985). The facts of this case are set out in detail in the earlier one-judge opinion, *State v. Dickson*, 223 Neb. 397, 389 N.W.2d 785 (1986) (*Dickson I*), and need not be repeated.

In *Dickson I* a single judge of this court reversed the Hall County District Court's decision to suppress certain statements made by the defendant with reference to the death of his mother. The case was remanded to the district court for a consideration of the statements pursuant to the totality of the circumstances test. The district court's analysis was directed to include evidence of Dickson's mental capacity at the time the statements were made. The State assigns as error the district court's decision to again suppress the appellee's statements. That decision is affirmed.

In *Dickson I* a per se approach to the determination of the admissibility of volunteered statements of the mentally ill was rejected. *Rhode Island v. Innis*, 446 U.S. 291, 100 S. Ct. 1682, 64 L. Ed. 2d 297 (1980). In *Blackburn v. Alabama*, 361 U.S. 199, 80 S. Ct. 274, 4 L. Ed. 2d 242 (1960), the U.S. Supreme Court said: "[A] complex of values underlies the stricture against use by the state of confessions which, by way of convenient shorthand, this Court terms involuntary, and the role played by each in any situation varies according to the

particular circumstances of the case." *Id.* at 207. The Supreme Court has denoted three distinct situations in which, under the due process clause of the 14th amendment, the confession of the defendant must be suppressed. They are: (1) confessions of doubtful reliability because they were obtained by offensive police practices; (2) confessions obtained by offensive police practices, which are not of doubtful reliability; and (3) confessions obtained, regardless of the method, under circumstances in which the free choice of the defendant was significantly impaired. 1 W. LaFave & J. Israel, Criminal Procedure § 6.2(b) (West 1984). It is this last category with which this case is concerned.

The State argues that the voluntary statements of Larry Dickson in which he admitted, to some degree, responsibility for his mother's death ought to be admitted because they were not coerced or induced in any way. The State contends that absent interrogation in a custodial situation the due process clause does not apply. As was stated in *Dickson I,* the State bears the burden in a suppression hearing to show by a preponderance of the evidence that the statements were voluntary and, therefore, admissible. *State v. Irwin*, 191 Neb. 169, 214 N.W.2d 595 (1974). To be admissible the statements must have been given freely, voluntarily, and without promises or inducements on the part of the State. *State v. Dixon*, 222 Neb. 787, 387 N.W.2d 682 (1986). Finally, voluntariness will be tested by the totality of the circumstances, and the finding of the trial court will not be set aside unless clearly wrong. *State v. Bodtke*, 219 Neb. 504, 363 N.W.2d 917 (1985).

As one of the psychiatrists testified by deposition:

There is no reason to believe that his psychotic process interfered with knowing the consequences of an act. If you say "of his acts," I'm not sure, you know, that even he knows what happened that particular day, because I don't think he can sort out what is delusion, you know. Or, you know, if we could sort out what is delusional, we still would have to be faced with what he hallucinated. He, by his description, heard voices that can only be delusional or hallucinated. And he has some beliefs involved in the alleged event that are of a psychotic quality. They just

138

don't reality test.

The thrust of Dr. Kenney's statement is that he was unable to tell whether, in a given circumstance, the defendant was reciting a fact, stating his memory of a previous hallucination, or giving his impression of an existing delusion.

The district court sustained the defendant's motion to suppress. The decision of the district court is supported by the evidence in the record. *State v. LaChappell,* 222 Neb. 112, 382 N.W.2d 343 (1986); *State v. Bowersmith, ante* p. 6, 395 N.W.2d 527 (1986). It is affirmed.

AFFIRMED.