STATE OF NEBRASKA, APPELLANT, V. CURTIS J. TAMERIUS,
APPELLEE.
449 N.W.2d 535

Filed December 22, 1989.   No. 89-1282.

Daniel L. Werner, Thayer County Attorney, for appellant.

Wayne L. Garrison, of Garrison & Garrison, for appellee.

BOSLAUGH, J.

This is an interlocutory appeal by the State under Neb. Rev. Stat. § 29-116 (Reissue 1985) to review the order of the district court sustaining the defendant's motion to suppress a confession made by him to a law enforcement officer on May 4, 1989.

The record shows that on May 4, 1989, Thayer County Chief Deputy Sheriff William R. McPherson was investigating a reported sexual assault of the defendant's 4-year-old son. On a previous occasion, McPherson had investigated a report of a sexual assault on the defendant's infant daughter. During the earlier investigation, the defendant spoke with McPherson at the law enforcement center in Hebron, but denied any sexual involvement with his daughter.

After McPherson interviewed the boy and the boy's babysitter, he went to the place where the defendant was working. McPherson asked the defendant whether he would come outside and talk to him. The defendant replied, "Sure." They then went to McPherson's patrol car, which was parked near the building, and both got in. The defendant went willingly to the patrol car; was not under the influence of alcohol or drugs; spoke freely with McPherson; did not appear to be afraid; was not threatened, intimidated, or pressured; and gave rational responses to McPherson's questions.

McPherson testified that he started the conversation by telling the defendant that he was not under arrest and was not going to be arrested at that time. McPherson's written report states, "I told Curtis he was not under arrest, and was not going

to be arrested." McPherson testified that he did not give the defendant any *Miranda* warnings because the defendant was not under arrest and because "if I had Mirandaized [sic] him, I didn't think that he would talk to me."

McPherson then told the defendant that he wanted to speak to him about a sexual assault involving the defendant's son, that the report came from the babysitter, and that the child indicated he had been sexually assaulted by the defendant and had shown McPherson what occurred by the use of anatomical dolls. The defendant denied any involvement of this sort.

After 30 or 35 minutes, McPherson told the defendant, "I think you were lying when you talked to me before about [your daughter], and I think you're lying now." The defendant then said, "I'll admit, I did lie to you about [my daughter]." The defendant then admitted sexually assaulting his daughter one time in January 1989 and provided a written statement to that effect.

The defendant subsequently was charged with sexual assault of a child, in violation of Neb. Rev. Stat. § 28-320.01 (Reissue 1985), and moved to suppress the confession given to McPherson on May 4, 1989. After the suppression hearing, the district court found that the defendant's statement was untrustworthy and should be suppressed.

The issue presented is whether the defendant's confession was illegally induced by reason of McPherson's telling the defendant that he would not be arrested. To be admissible, a confession must be free and voluntary. It must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence. *State v. Nash*, 228 Neb. 69, 421 N.W.2d 41 (1988); *State v. Smith*, 203 Neb. 64, 277 N.W.2d 441 (1979).

The State bears the burden in a suppression hearing to show by a preponderance of the evidence that the defendant's statements were voluntary and, therefore, admissible. To be admissible the statements must have been given freely, voluntarily, and without promises or inducements on the part of the State. Voluntariness is tested by the totality of the circumstances, and the finding of the trial court will not be set aside unless clearly wrong. *State v. Haywood*, 232 Neb. 97, 439

N.W.2d 511 (1989); *State v. Dickson*, 224 Neb. 136, 395 N.W.2d 770 (1986).

In *State v. Burr*, 126 Ariz. 338, 615 P.2d 635 (1980), the Supreme Court of Arizona held that a telephone statement made by the defendant Burr to a law enforcement officer was involuntary as a matter of law. In the course of investigating possible securities law violations by the defendant's employer, the officer attempted to contact Burr, who was working in Alaska. Burr then telephoned the officer. During the telephone conversation, Burr described his activities on behalf of his employer in some detail. As a result of the investigation, Burr was convicted of five counts of securities fraud. He contended on appeal that his telephone statement should have been suppressed as involuntary.

> The issue, in essence is whether this statement by Detective Kidd constituted a promise to Burr that he would not be prosecuted if he gave Kidd information concerning the frauds which Kidd was investigating:
>
> " 'Okay, Monte. That's, this phone call is costing you money and there is no point in running it up any further than it is, so let me explain a couple of things to you and then I'll, I would just like to know what you have to say about it. First of all, before we go any further, I've got to tell you, I'm not trying, I'm not going to arrest you or put you in jail or anything, but before I ask you anymore I've got to tell you what your rights are and your rights are that you don't have to tell me anything. You don't have to answer any of my questions.' " . . .
>
> Detective Kidd's statement—"I'm not trying, I'm not going to arrest you or put you in jail or anything * * *"—carried with it the clear implication that Burr would not be arrested if he disclosed the details of what occurred in the land sales. The statement implied a benefit to Burr in exchange for information. This made Burr's statement legally involuntary. . . . The telephone conversation should have been suppressed.

*Id.* at 340, 615 P.2d at 637.

In the present case, McPherson told the defendant that he was not under arrest *and was not going to be arrested.*

McPherson did not advise the defendant as to his constitutional rights because he believed the defendant would not talk to him if given the *Miranda* warnings. Under these circumstances, McPherson's statement could be construed to imply a benefit to the defendant in exchange for information. The finding of the trial court to this effect was not clearly wrong.

The order sustaining the motion to suppress is affirmed.

AFFIRMED.