NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DENISE J. SCOTT, *Petitioner/Appellee*,

*v.*

ZACHARY T. SCOTT, *Respondent/Appellant*.

No. 1 CA-CV 22-0155 FC
FILED 12-8-2022

Appeal from the Superior Court in Maricopa County
No. FC2010-090383
The Honorable Paula A. Williams, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Crider Law, PLLC, Mesa
By Brad J. Crider
*Counsel for Respondent/Appellant*

Donald Stewart, PC, Chandler
By Heather N. Peláez, Benjamin H. Cunningham
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

---

**G A S S**, Vice Chief Judge:

¶1　　　　In 2021, husband challenged a 2013 qualified domestic relations order (QDRO) arising out of a 2010 dissolution decree. After an evidentiary hearing, the superior court denied his petition. Husband appeals the denial. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2　　　　In December 2010, the superior court entered a decree dividing the parties' property, including their three retirement accounts. Husband retained his two retirement accounts, and wife retained her one retirement account.

¶3　　　　In June 2013, after a failed reconciliation attempt, the parties prepared the QDRO. The QDRO reallocated some of husband's retirement accounts to give wife fifty percent of husband's deferred retirement option plan benefits and $1,000 of husband's monthly retirement benefits. The parties signed and notarized the QDRO, and the superior court approved it.

¶4　　　　Almost eight years later, in 2021, husband filed the petition challenging the QDRO. Husband sought relief based on events occurring when the parties were attempting to reconcile. Specifically, husband had placed an advertisement on Craigslist he did not want publicly disclosed. In his petition, husband alleged he signed the QDRO because wife threatened to publicly expose personal information about him. In 2021, husband's petition alleged wife's 2013 threat constituted coercion resulting in a fraud on the court. Wife moved to dismiss husband's petition as untimely, which the superior court denied.

¶5　　　　Both parties testified at an evidentiary hearing on husband's petition. At that hearing, husband abandoned his enforcement, contempt, and general fraud claims, saying he was only "proceeding upon fraud o[n] the court" because "there is no time limitation." During the hearing, wife orally moved to dismiss the petition as untimely, which the superior court

denied. The superior court later denied husband's petition, saying husband "failed to meet his burden of proof."

¶6 Husband timely appealed. This court has jurisdiction under article VI, section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1, -2101.A.2.

## ANALYSIS

¶7 Husband argues the superior court "disregarded critical and undisputed evidence" in finding he failed to prove he signed the QDRO because of coercion and duress. Husband contends the evidence establishes wife committed fraud on the court by using "the courts to effectuate" extortion by coercing him to sign the QDRO. To support his argument, husband relies on testimony from the evidentiary hearing, some of which wife disputes.

¶8 This court reviews factual findings for abuse of discretion and reverses only when clearly erroneous. *In re Marriage of Gibbs*, 227 Ariz. 403, 406, ¶ 6 (App. 2011). If evidence supports a finding, the finding is clearly erroneous only if, after considering the evidence, this court has a "definite and firm conviction" the superior court erred. *State v. Burr*, 126 Ariz. 338, 339 (1980). This court does "not reweigh the evidence but defer[s] to the [superior] court's determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

¶9 "Fraud on the court is a variety of extrinsic fraud." *McNeil v. Hoskyns*, 236 Ariz. 173, 176, ¶ 14 (App. 2014). A judgment resulting from a fraud on the court may be set aside "[w]hen a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court." *Cypress on Sunland Homeowners Ass'n v. Orlandini*, 227 Ariz. 288, 299, ¶ 42 (App. 2011).

¶10 The evidence here does not leave us with a "definite and firm conviction" the superior court erred. *See Burr*, 126 Ariz. at 339. Nothing wife did constituted an intentional act or conduct preventing husband from having a "fair submission of the controversy." *See Bates v. Bates*, 1 Ariz. App. 165, 169 (1965). Indeed, if the events constituted fraud on the court, husband participated in them. If husband believed the QDRO was the result of duress, coercion, extortion, and blackmail, husband could have challenged the QDRO at any point after the parties filed it. And wife's alleged coercion does not constitute fraud on the court because the parties did not manufacture the QDRO with the intent to deceive the court. *See Alvarado v.*

*Thomson*, 240 Ariz. 12, 16, ¶ 17 (App. 2016). The QDRO in fact reflected their agreement.

**¶11**       Though true the superior court could have weighed and assessed the conflicting evidence differently, it did not. Based on the conflicting testimony, the superior court could properly conclude husband failed to meet his burden of proof.

**¶12**       Last, husband waived his claims the QDRO was void under A.R.S. §§ 25-318.A and -327.B. Absent extraordinary circumstances, a party cannot raise an error on appeal not raised in the superior court or in its opening brief. *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994). True, husband mentioned § 25-318.A in his opening brief. But not until his reply did he argue: (1) the superior court did not expressly find the QDRO division fair and equitable under § 25-318.A; and (2) the QDRO is void under A.R.S. § 25-327.B. Accordingly, husband waived the arguments. *See id.*

**¶13**       Because we resolve the appeal in wife's favor on the merits, we do not address wife's challenge to the timeliness of husband's petition.

## ATTORNEY FEES AND COSTS

**¶14**       Wife requests attorney fees and costs on appeal under A.R.S. §§ 25-324, 12-349, and under ARCAP 21 and 25. This court may award attorney fees after considering the financial resources and reasonableness of the parties' legal positions. *See* A.R.S. § 25-324.A. After considering the relevant factors, we exercise our discretion and decline to award wife attorney fees. Because wife is the prevailing party, we award her costs upon compliance with ARCAP 21.

## CONCLUSION

**¶15**       We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA