NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

NINA MAE BECKER, *Petitioner*.

No. 1 CA-CR 24-0555 PRPC

FILED 08-05-2025

Appeal from the Superior Court in Maricopa County
No. CR2023-006919-001
CR2020-002008-001
The Honorable Jeffrey A. Rueter, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Nina Mae Becker, Phoenix
*Petitioner*

Arizona Attorney General's Office
By Todd C. Lawson
*Counsel for Respondent*

---

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Chief Judge Randall M. Howe and Judge Michael S. Catlett joined.

---

**F U R U Y A**, Judge:

**¶1**　　　　Petitioner Nina Mae Becker ("Becker") seeks review of the superior court's summary dismissal of her first Arizona Rule of Criminal Procedure ("Rule") 33 petition for post-conviction relief. For the following reasons, we grant review but deny relief.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　On June 20, 2023, pursuant to plea agreements resolving two criminal cases, Becker pled guilty to two counts of presentment of a false instrument for filing, both Class 6 felonies, and one count of a signing of petitions violation, a Class 1 misdemeanor. The charges stemmed from Becker's 2020 and 2022 efforts to qualify for the Republican primary ballot, including alleged misconduct in the submission of nominating petitions. The agreements contemplated supervised probation, with the possibility of up to one year in jail as a condition. The court accepted her pleas and later sentenced her to two years of supervised probation. She spent 77 days in custody between her arrest and sentencing.

**¶3**　　　　Becker filed the petition for post-conviction relief at issue here under Rule 33, asserting her pleas were not voluntary because she entered them under duress caused by "the medical emergency she felt she was under." Medical records from Maricopa County Correctional Health Services showed that Becker had been diagnosed with seborrheic dermatitis—a common skin condition—while in custody. She claimed the jail's inadequate medical care led her to fear for her life and plead guilty solely to secure release and obtain outside treatment. The superior court summarily dismissed the petition, concluding Becker had not established a colorable claim for relief.

**¶4**　　　　Becker timely petitioned for review. The State did not file a response. We have jurisdiction under Ariz. Const. art. VI, § 9, A.R.S. § 13-4239(C), and Rule 33.16.

## DISCUSSION

¶5 "We will not disturb the superior court's ruling on a PCR petition absent an abuse of discretion or error of law." *State v. Evans*, 252 Ariz. 590, 594 ¶ 7 (App. 2022). As the petitioner, Becker bears the burden of establishing such error. *State v. Poblete*, 227 Ariz. 537, 538 ¶ 1 (App. 2011).

¶6 Before accepting a guilty plea, the court must engage the defendant in a colloquy and ensure the plea is voluntary, knowing, and intelligent. Ariz. R. Crim. P. 17.2(a); *State v. Rose*, 231 Ariz. 500, 505 ¶ 13 (2013). The record shows—and Becker does not dispute—that the court fulfilled those obligations. Becker affirmed under oath that she had reviewed both plea agreements with her attorney, understood their terms, and was entering her pleas voluntarily. She confirmed her plea was not induced by force, threats, or promises outside the agreement. *See* Ariz. R. Crim. P. 17.3(a). And the court was entitled to rely on those assurances in concluding her plea was voluntary, knowing, and intelligent. *State v. Chairez*, 235 Ariz. 99, 100 ¶ 8 (App. 2013).

¶7 Statements made during a plea colloquy are accorded a strong presumption of verity and are not easily overcome by post-conviction claims. *State v. Leyva*, 241 Ariz. 521, 525 ¶ 12 (App. 2017); *see State v. Hamilton*, 142 Ariz. 91, 93 (1984) (recognizing statements to court at a change of plea hearing about voluntariness normally bind the defendant). Despite this heavy burden, Becker asserts her pleas were "not a product of free will but rather a desperate attempt to escape her deteriorating condition," and that she "believed her life was in danger due to the inadequate medical care she was receiving." However, she did not mention her skin condition until the end of the plea hearing, when she requested release under pretrial services pending sentencing. Even then, she did not suggest it had influenced her decision to plead guilty. At sentencing, she again addressed the court but raised no concerns regarding her health.

¶8 In reviewing Becker's post-conviction petition, the superior court examined her medical records, which confirmed a diagnosis of seborrheic dermatitis and showed she was receiving treatment while in custody. It found, "The medical records do not support the contention that [Becker's] medical condition was so severe that she signed a plea agreement to get out of custody to save her life." We defer to the court's evaluation of these records and other evidence. *See State v. Sasak*, 178 Ariz. 182, 186 (App. 1993) (appellate court defers to trial court in resolving conflicts in evidence in post-conviction proceedings). It also noted the plea agreements

contained no promise of release, further undermining Becker's claim that she pled guilty solely to obtain outside medical care.

**¶9**       Moreover, to find error with the court's evaluation of the facts, we must—after examining the entirety of the evidence—be "left with the definite and firm conviction that a mistake has been committed." *State v. King*, 250 Ariz. 433, 438–39 ¶ 21 (App. 2021) (quoting *State v. Burr*, 126 Ariz. 338, 339 (1980)). But here, Becker has not presented any evidence showing the jail did not or was unable to provide adequate care. And she further failed to show that her medical condition compelled her to plead against her will. Even assuming her concerns were sincere, they do not reach the high bar needed to find error. *Id.* Nor would they rise to the level of duress necessary to overcome the presumption of verity afforded to her statements at the plea hearing—particularly where the record reflects that she understood the agreement and made "a voluntary and intelligent choice among the alternative courses of action." *Leyva*, 241 Ariz. at 525 ¶ 14.

**¶10**       Because Becker did not present a colorable claim that her plea resulted from duress, the superior court did not abuse its discretion in summarily dismissing her petition. Rule 33.11(a); *see State v. Verdugo*, 183 Ariz. 135, 137 (App. 1995).

## CONCLUSION

**¶11**       For the foregoing reasons, we grant review but deny relief.

